# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS R. CRAWFORD, | ) | CASE NO. 5:22 CR 422 |
| | ) | |
| Defendant-Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Plaintiff-Respondent. | ) | |

This matter comes before the Court on Nicholas Crawford's ("Petitioner") Motion to Review Detention Order in accordance with Title 18 U.S.C. § 3142. (EFC #21, PageID 81). The government filed a Response in Opposition. (EFC # 24, PageID 96). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition is DENIED.

## Factual History

In June 2018, Crawford purchased a home for approximately $325,000 in Akron, Ohio. The funds used to purchase the home were not funded with a mortgage. The title company for the home purchased received approximately 23 wire transfers, totaling $321,327.40, from June 22, 2018, to June 27, 2018, from approximately one dozen individuals and entities. Most of the individuals and entities had ties to Crawford. An investigation revealed that most of the individuals or entities had themselves made cash deposits in the days and weeks before they sent the wire transmissions to the title company for the purchase of Crawford's home. Investigators also gathered evidence which they believe indicated that Crawford participated in the trafficking of drugs. The investigation included surveilling Crawford and his associates, obtaining his bank

records, obtaining his tax records, obtaining information from Crawford's cellular phone, investigating Crawford's prior criminal contacts, listening to jail calls, and executing search warrants on at least one physical property.

Investigators believe that to conceal the source of his cash, Crawford attempted to mask a cash purchase of the home by providing cash to third parties who then wired the funds to the title company. Investigators also learned that Crawford applied for an Economic Injury Disaster Loan (EIDL) during the COVID Pandemic on behalf of OH10 Records, a company owned by Crawford. As a result of the application, Crawford received approximately $105,500 in EIDL funds. Investigators believe that Crawford provided false information during the loan application process, including information regarding his criminal history and the gross revenue of OH10 Records.

Crawford also purchased a Tesla vehicle, (valued at approximately $118,000). Investigators allege this purchase was funded by proceeds from the EIDL and from drug trafficking.

In August 2022, a search warrant was executed at Crawford's home. At the home, multiple items were recovered, including approximately $123,000 in United States currency, a loaded firearm, and multiple pounds of marijuana.

## Procedural History

On July 27, 2022, an indictment was returned against Mr. Crawford by the grand jury for the Northern District of Ohio. Mr. Crawford was charged with: money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(I) and §2 (Counts One through Twenty-three); wire fraud in violation of 18 U.S.C. §1343 and §2 (Count Twenty-four); theft of government funds in violation of 18

U.S.C. §641 (Count Twenty-five); and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. §1957 (Count Twenty-six). (EFC #21). On August 3, 2022, Mr. Crawford was arrested, and a federal search warrant was executed at his home. (EFC #24, PageID 96). On the same day, represented by appointed counsel, Mr. Crawford entered a plea of not guilty and was ordered to remain in pre-trial detention. *Id.* An order of detention listing specific reasons for granting detention was not issued. (EFC #21). On August 8th, Mr. Crawford filed a Motion for a Bill of Particulars. (EFC #24, PageID 97). Current counsel for Mr. Crawford, Mitchell Yelsky and Angelo Lonardo, entered their appearances in this matter on August 10, 2022, and the following day the United States responded to Mr. Crawford's Motion. *Id.* On August 12, 2022, the United States filed an unopposed Motion for a Protective Order, and a day later, the Court granted the motion. *Id.* A few weeks later, on August 30th, Crawford filed an unopposed Motion to Continue Criminal Trial Order Dates. *Id.* This matter has been continued numerous times, first from August 17th to September 12th, then from September 12th to the current set trial date of December 12, 2022. On October 20, 2022, Crawford filed a Motion to Review Detention Order. *Id.*

### Relevant Law

The Bail Reform Act of 1984, 18 U.S.C. § 3142, sets the parameters for when and under what circumstances pretrial detention is authorized. Section 3142(e) establishes that a defendant awaiting trial shall be detained under the rebuttable presumption that:

> "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

This presumption exists for defendants that commit Controlled Substances Act violations because the defendants who commit drug trafficking offenses pose a "special risk of flight and dangerousness to society." *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001).

18 U.S.C. §1343 states in part that a detention hearing may be reopened upon a showing that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community."

18 U.S.C. §1342(e)(1) provides that if this Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." If this presumption applies, then the defendant must produce evidence that he is neither a danger to the community nor a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). While this "burden of production is not heavy, [the defendant] must introduce at least some evidence." *Id.* The Court should consider available information concerning the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## Analysis

Mr. Crawford first argues that application of the 18 U.S.C. § 3142(g) factors show that he neither poses a risk of danger to the community, nor is he a flight risk. (EFC #21). The Defendant argues that no charges regarding a specific violent act have been filed against him,

and the fact that his family is willing to provide him shelter, is evidence that that he will not pose a danger to the community. *Id.*

Mr. Crawford next argues that the voluminous discovery in this case renders it impossible for defense counsel to provide effective assistance of counsel if he is not able to meet with counsel on demand. *Id.* Further, he argues that his detention renders it impossible for him to participate in his own defense, and that the current situation is a material change of circumstances from when he was originally detained. *Id.* Both arguments will be discussed in further detail below.

### I.   3142(g) Factors

Defendant acknowledges that the charges against him create a rebuttable presumption against him, but that an application of the 3142(g) factors fall in his favor, because he will not pose a threat to the safety of the community, nor is he flight risk. The Defendant's argument that he is neither a flight risk nor a risk to the safety of the community, fails for the reasons identified below.

The Government persuasively points out that Mr. Crawford is indeed a flight risk. Crawford has access to a significant amount of cash, as shown by the $123,000 recovered from the executed search warrant at Crawford's home on the day of his arrest in August 2022. Compounding this with his history of altering and falsifying documents and the lengthy sentence he faces if convicted, the argument that he is not a flight risk falls short. Such a conclusion follows the recent ruling in *United States v. Faulkner* 2022 U.S. App. LEXIS 28054 (6th Cir., 2022). (Denial of defendant's motion to revoke his pretrial detention order as per 18 U.S.C.S. § 3142(e) was proper since his offenses involved large quantities of drugs, and he had ready access to firearms and large amounts of cash). Even if Mr. Crawford cleared the statutory rebuttable

presumption of release, pretrial detention would be appropriate due to the nature and sophistication of the alleged crime, Mr. Crawford's alleged role in the crime, and the substantial potential sentence if he is convicted at trial. *Crumpler v. United States*, 2020 U.S. App. LEXIS 20193, 1, 4 (6th Cir., 2020). Further, Mr. Crawford has an extensive history of drug convictions as well as violent convictions, and he is being charged with money laundering the proceeds from his drug trafficking operations. Thus, the Court finds there is no condition or combination of conditions which will reasonably assure Mr. Crawford's appearance as required, and which will ensure the safety of others and the community. Mr. Crawford has produced insufficient evidence to convince this Court that he is neither a danger to the community nor flight risk. Further, the factors that must be weighed by this Court under 18 U.S.C.S. § 3142(g), weigh in favor of detention.

II. **Voluminous Discovery**

Mr. Crawford also argues that the volume of discovery and the protective order in this case render it impossible for defense counsel to provide effective assistance of counsel absent unfettered access to the defendant. He seeks release and a modification of the Protective Order (EFC #16). There is no evidence that Mr. Crawford is being prevented from communicating with his counsel, and thus, he has no right to release on this ground. There are appropriate adjustments that can be made to the protective order that would advance discovery and the defendant's preparedness for trial without sacrificing the conditions of the current Protective Order. He can raise these issues in the appropriate manner.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Review Detention Order in accordance with Title 18 U.S.C. § 3142 and § 3143. (EFC #21, PageID 81) is DENIED, with an

order continuing his detention pending trial. This Court finds that Petitioner's failed to support his claims and that no relief is warranted. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: November 21, 2022